UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Nichole Wagner**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Twomagnets, Inc.**, a Delaware Corporation, d/b/a **Clipboard Health**.<br><br>Defendant. | No.<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT** |

Plaintiff, Nichole Wagner ("Plaintiff"), sues the Defendant, Two Magnets, Inc., doing business as Clipboard Health (hereafter "Defendant" or "Clipboard Health") and alleges as follows:

## PRELIMINARY STATEMENT

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.;* Ohio Minimum Fair Wage Standards Act ("OMWFSA"), O.R.C. § 4111.01, *et seq*.; Ohio Prompt Pay Act, O.R.C. § 4113.15, O.R.C. § 2307.60 and Fed. R. Civ. P. 23 for Clipboard's failure to pay Plaintiff and other similarly-situated employees all earned overtime wages.

2. Plaintiff brings this action on behalf of herself and all similarly-situated current and former employees of Clipboard who were worked as Nurses[1] and were classified by Clipboard as independent contractors.

[1] For the purposes of this Complaint, "Nurses" is exclusively a job title used for the purpose of classifying the putative class of similarly situated individuals, is not necessarily the job title of the Plaintiff and putative class, and has no bearing or relation to any specialization, skill, education, training, or other qualification that might otherwise be associated with such a job title. For example, Nurses may have different titles in accordance with their licensure (i.e. "LPN", "PRN", "RN" etc.) yet are still appropriate putative class members.

3. Plaintiff brings a collective action under the FLSA to recover the unpaid overtime owed to her individually and on behalf of all other similarly-situated employees, current and former, of Clipboard. Members of the Collective Action are referred to as the "Collective Members."

4. Additionally, Clipboard's failure to compensate Plaintiff and all others similarly situated in accordance with the overtime laws of the State of Ohio. Plaintiff, therefore, brings a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid wages and other damages owed under Ohio law. Members of the Rule 23 Class Action are referred to as the "Class Members."

5. The Collective Members are all current and former employees who worked as Nurses for Defendant in the State of Ohio and were classified as independent contractors at any time starting three years before this Complaint was filed, up to the present.

6. The Class Members are all current and former employees who worked as Nurses for Defendant in the State of Ohio and were classified as independent contractors at any time starting three years before this Complaint was filed, up to the present.

7. Clipboard provides nursing and healthcare staff to its clients through an "app" based platform whereby Clipboard's clients can fill staffing needs through access to Clipboard's team of Nurses.

8. At all relevant times, Clipboard has operated pursuant to a policy and practice of intentionally misclassifying Plaintiff and all other similarly-situated employees as independent contractors.

9. At all relevant times, pursuant to this misclassification, Clipboard has willfully refused to pay overtime.

10. In willfully refusing to pay overtime, Clipboard has violated the overtime provisions of 29 U.S.C. § 207 and Ohio Revised Code § 4111.03.

**JURISDICTION AND VENUE**

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the Northern District of Ohio, and Clipboard regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

13. At all material times, Plaintiff is an individual residing in Dublin, Ohio, and is a former employee of Clipboard.

14. At all material times, Plaintiff regularly performed work for Clipboard in the greater Columbus area.

15. At all material times, Defendant Twomagnets, Inc. is a Delaware corporation licensed to transact business in the State of Ohio and does business as "Clipboard Health". At all material times, Defendant does business, has offices, and/or maintains agents for the transaction of its customary business in Summit County, Ohio.

16. At all relevant times, Clipboard was Plaintiff's employer under the FLSA and Ohio law. The FLSA and Ohio law define "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Clipboard had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' employment with Clipboard. As a person who acted in the interest of Clipboard in relation to the company's employees, Clipboard is subject to liability under the FLSA.

17. Plaintiff, in her work for Clipboard, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

18. Plaintiff, in her work for Clipboard, was employed by an enterprise that had annual gross volume of sales made for business in excess of one hundred fifty thousand dollars, exclusive of excise taxes at the retail level.

19. At all relevant times, Plaintiff, in her work for Clipboard, was engaged in commerce or the production of goods for commerce.

20. At all relevant times, Plaintiff, in her work for Clipboard, was engaged in interstate commerce.

21. Plaintiff, in her work for Clipboard, regularly handled goods produced or transported in interstate commerce.

## NATURE OF THE CLAIM

22. Twomagnets, Inc. does business as Clipboard Health and provides nursing and healthcare staff to its clients nationwide.

23. Nurses, including Plaintiff are required to download the Clipboard "app."

24. Clipboard then communicates to its Nurses through its app-based platform which it uses to assign and control the work of Plaintiff, the Collective Members and Class Members.

25. Clipboard assigns its Nurses, including Plaintiff, the Collective and the Class Members, to job vacancies that Clipboard needs to fill for its clients.

26. Plaintiff worked for Clipboard as a Nurse from 2021 through 2025.

27. At all relevant times, Clipboard has determined the Plaintiff, the Collective Members' and the Class Members' rates of pay.

28. At all relevant times, Clipboard has paid Plaintiff a base hourly rate of approximately $23.00 per hour.

29. In her work for Clipboard, Plaintiff regularly worked in excess of forty (40) hours in any given workweek.

30. Clipboard likewise suffers or permits the Collective Members and the Class Members to routinely work more than forty (40) hours in a given workweek.

31. Rather than classify Plaintiff, the Collective Members and the Class Members as employees, Clipboard classified them as independent contractors.

32. As a result, Clipboard failed to pay Plaintiff, the Collective Members and the Class Members any overtime whatsoever when they worked in excess of forty (40) hours in a given workweek.

33. At all relevant times, Nurses are not permitted to turn down jobs assigned to them by Clipboard. If Plaintiff attempted to turn down work assigned by Clipboard, she would face discipline, including unpaid suspension and probation.

34. Clipboard requires Plaintiff, the Collective Members and the Class Members to abide by its company-wide attendance policy.

35. Clipboard forbids Plaintiff, the Collective Members and the Class Members from working directly for any of Defendant's customers.

36. Clipboard forbids Plaintiff, the Collective Members and the Class Members from working for any of Clipboard's competitors.

37. Clipboard forbids Plaintiff, the Collective Members and the Class Members from having personal and/or romantic relationships with Clipboard's customers' employees.

38. Clipboard forbids Plaintiff, the Collective Members and the Class Members from accepting gifts or gratuities from Clipboard's customers.

39. Clipboard requires Plaintiff, the Collective Members and the Class Members to abide by Clipboard's formal written attire and appearance policy.

40. Clipboard prohibits Plaintiff, the Collective Members, and the Class Members from chewing gum, smoking, or using their cell phones while working.

41. Clipboard requires Plaintiff, the Collective Members and the Class Members to abide by Clipboard's formal written etiquette policy.

42. Clipboard issues a Clipboard Health identification badge to Plaintiff, the Collective Members and the Class Members.

43. Clipboard prescribes the manner in which Plaintiff, the Collective Members and the Class Members record their hours worked through Clipboard's company-wide timekeeping policies.

44. Clipboard requires Plaintiff, the Collective Members and the Class Members to abide by Clipboard's formal written code of conduct.

45. Clipboard requires Plaintiff, the Collective Members and the Class Members to abide by Clipboard's formal written Code of Business Ethics.

46. Clipboard requires Plaintiff, the Collective Members and the Class Members to join in Clipboard's company-wide Commitment to Ethical Business Practices.

47. Clipboard requires Plaintiff, the Collective Members and the Class Members to abide by Clipboard's company-wide Security and Data Policies.

48. Clipboard requires Plaintiff, the Collective Members and the Class Members to abide by Clipboard's formal Incident Policy.

49. Clipboard purchases insurance policy to provide liability coverage pertaining to the work that Plaintiff, the Collective Member and the Class Members perform for Clipboard.

50. Consistent with Clipboard's common policy and practice, Plaintiff and others similarly situated individuals have been intentionally misclassified by Clipboard as independent contractors in and effort by Clipboard to minimize labor costs and maximize profits.

51. The FLSA applies to Plaintiff and all individuals similarly situated at all times during which they worked for Clipboard. No exceptions or exemptions to the FLSA apply to Plaintiffs and those similarly situated.

52. Upon information and belief, Clipboard has employed thousands of Nurses throughout the relevant time period without paying overtime, and while denying them the rights and benefits due an employee.

53. At all relevant times, Clipboard directly or indirectly exercised significant control over the wages, hours, and working conditions of Plaintiff and similarly situated individuals.

54. At all relevant times, the employment terms, conditions, and policies that applied to Plaintiff were the same as those applied to other putative Collective Members and Class Members who also worked as Nurses for Clipboard.

55. Plaintiff, the Collective Members and the Class Members incurred financial loss, injury, and damage as a result of Clipboard's business practice of misclassifying them as independent contractors and failing to pay them a minimum wage and overtime pay.

56. Clipboard's misclassification of Plaintiff, the Collective Members and the Class Members was willful.

57. Clipboard knew or should have known that it was improper to classify Plaintiff, the Collective Members and the Class Members as independent contractors.

58. Plaintiff, the Collective Members and the Class Members cannot "elect" to be treated as employees or independent contractors. Despite this, Defendant unfairly, unlawfully, fraudulently, and unconscionably attempted to coerce workers in the putative Collective and Class to waive their statutory rights and elect to be treated as independent contractors.

59. Any contract which attempts to have workers in the putative Collective and Class waive, limit, or abridge their statutory rights to be treated as an employee under the FLSA or other applicable wage and hour laws is void, unenforceable, unconscionable, and contrary to public policy.

60. The determining factor as to whether Plaintiff and those similarly situated are employees or independent contractors under the FLSA is not the workers' elections, subjective intent, or any contract. Rather, the test for determining whether an individual is an "employee" under the FLSA is the economic reality test. *See Rutherford Food Corp. v. McComb*, 331 U.S. 722, 727 (1947). Under the economic reality test, employee status turns on whether the individual is, as a matter of economic reality, in business for herself and truly independent, or, rather, is economically dependent upon finding employment in others.

61. Under the applicable test, court use the following factors to determine economic dependence and employment status: (1) the degree of control exercised by the alleged employer; (2) the relative investments of the alleged employer and employee; (3) the degree to which the employee's opportunity for profit and loss is determine by the employer; (4) the skill and initiative required in performing the job; (5) the permanency of the relationship; and (6) the degree to which the alleged employee's tasks are integral to the employer's business.

62. The totality of circumstances surrounding the employment relationship between Clipboard, Plaintiff, the Collective Members and the Class Members establishes economic dependence on Clipboard and employee status.

63. Plaintiff, the Collective Members and the Class Members are not in business for themselves and truly independent, but rather are economically dependent upon Clipboard.

64. Plaintiff, the Collective Members and the Class Members are not engaged in occupations or businesses distinct from that of Clipboard.

65. Instead, Plaintiff, the Collective Members and the Class Members are the basis for Clipboard's business.

66. Clipboard retains pervasive control over the business operation as a whole, and putative Collective and Class.

67. Plaintiff, the Collective Members and the Class Members do not exert control over any meaningful part of Clipboard's business operation and do not stand as a separate economic entity from Clipboard.

68. Clipboard exercises control over all aspects of the working relationship with Plaintiff, the Collective Members and the Class Members.

69. Plaintiff's, the Collective Members', and the Class Members' economic status is inextricably linked to conditions over which Clipboard has complete control, including without limitation advertising and promotion, business and financial relationships with customers, business and financial relationship with insurers, and customer volume.

70. Clipboard exercises the following significant control over the work conditions of Plaintiff, the Collective Member and the Class Members:

a. Clipboard requires Plaintiff, the Collective Member and the Class Members to routinely work in excess of 40 hours per week;

b. Clipboard pays Plaintiff, the Collective Members and the Class Members a flat hourly wage in exchange for the nursing services that Plaintiff, the Collective Members and the Class Members provide;

c. Clipboard directs Plaintiff, the Collective Members, and the Class Members with respect to where and when to work;

d. Clipboard requires Plaintiff, the Collective Members and the Class Members to wear a uniform;

e. Clipboard requires Plaintiff, the Collective Members, the Class Members to use Clipboard's software which Clipboard in turn uses to direct, control, monitor and supervise the work of Plaintiff, the Collective Members and the Class Members; and

f. Plaintiff, the Collective Members and the Class Members do not use their own tools or equipment.

71. Plaintiff, the Collective Members and the Class Members do not exercise the skill and initiative of a person in business for oneself;

72. Plaintiff, the Collective Members and the Class Members do not have the opportunity to exercise the business skills and initiative necessary to elevate their status to that of an independent contractor: they own no enterprise, nor do they maintain a separate business structure or facility.

73. Plaintiff, the Collective Members and the Class Members have no control over customers, nor do they actively participate in any efforts to increase Clipboard's customer base or profit, or to improve business in any capacity.

74. Clipboard does not permit Plaintiff, the Collective Members and the Class Members to hire or subcontract other qualified individuals to provide additional nursing services to customers, thereby increasing their revenue, as an independent contractor in business for oneself would have the authority to do.

75. Plaintiff's, the Collective Members' and the Class Members' relative investment is minor, if not non-existent, when compared to the investment made by Clipboard.

76. Plaintiff, the Collective Members and Class Members make no financial investment in Clipboard's facilities, advertising, maintenance, staffing, and contractual relationships.

77. All capital investment and risk belongs to Clipboard.

78. Plaintiff's, the Collective Members' and the Class Members' investment is limited to the phone and/or computer necessary to utilize Clipboard's software.

79. Absent Clipboard's investment and provision of the business, the Nurses would not earn anything.

80. Clipboard manages all aspects of the business operation, including without limitation attracting investors, establishing business and customer relationships, maintaining the

premises, establishing the hours of operation, coordinating advertising, and hiring and controlling of staff.

81. Clipboard provides all necessary capital to open and operate the business.

82. Plaintiff, the Collective Members and the Class Members have no responsibility for any aspect of Clipboard's ongoing business risk.

83. Plaintiff, the Collective Members and the Class Members earn a flat hourly wage and have no opportunity to share in the profits or loss incurred Clipboard in the operation of its business.

84. Plaintiff began working for Clipboard in May 2021 and she continue working for Clipboard until 2025.

85. Plaintiff, the Collective Members and the Class Members work for Clipboard is not intended to be temporary or seasonal

86. Clipboard's operation is wholly dependent on having Plaintiff , the Collective Members and the Class Members accessible and available to fulfill the nursing needs of Clipboard's customers.

87. The primary "product" Clipboard is in business to sell consists of the nursing services provided by Plaintiff, the Collective Members and the Class Members.

88. Without the hourly work of its Nurses, Clipboard would necessarily have no product to sell.

89. All actions and agreements by Clipboard described herein were willful and intentional, and they were not the result of mistake or inadvertence.

90. Clipboard was aware that the FLSA applies to its business at all relevant times and that, under the economic realities test applicable to determining employment status under those

laws, Plaintiff, the Collective Members and the Class Members were misclassified as independent contractors.

91. Nurses under conditions similar to those employed with Clipboard have been determined to be employees–not independent contractors–in other FLSA cases.

92. Despite this notice of their violations, and in an effort to enhance Clipboard's profits, Clipboard continued to intentionally misclassify Plaintiff, the Collective Members and the Class Members, and knowingly suffered or permitted them to work in excess of 40 hours during a workweek without paying them overtime compensation at a rate of one and one-half times their regular rate. Such conduct was intentional, unlawful, fraudulent, deceptive, unfair, and contrary to public policy.

## COLLECTIVE ACTION ALLEGATIONS

93. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

94. Plaintiff brings the FLSA claims in this action as a collective action under 29 U.S.C. § 216(b).

95. Plaintiff asserts those claims on behalf of herself, and on behalf of all similarly situated Nurses of Clipboard, who were not paid all overtime compensation required by the FLSA during the relevant time period as a result of Clipbaord's compensation policies and practices.

96. Plaintiff seeks to notify the following individuals of their rights under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join this action:

> **All Nurses (or individuals with other similar job duties or titles) who worked for Defendant in Ohio in excess of forty (40) hours in any given workweek while being classified as an independent contractor at any point from three years prior filing their consent to join this lawsuit through the present.**

97. Upon information and belief, Clipboard has employed hundreds, if not thousands, of Nurses during the period relevant to this action.

98. The identities of these individuals, as a group, are known only to Clipboard. Because the numerous members of this collective action are unknown to Plaintiff, joinder of each member is not practicable.

99. Because these similarly situated Nurses are readily identifiable by Clipboard and may be located through their records, they may be readily notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

100. Collective adjudication is appropriate in this case because the individuals whom Plaintiff wishes to notify of this action have been employed in positions similar to Plaintiff; have performed work similar to Plaintiff; and have been subject to compensation practices similar to those to which Plaintiff has been subjected, including unlawful misclassification as an independent contractor and failure to pay overtime as required by the FLSA.

## CLASS ACTION ALLEGATIONS

101. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

102. Plaintiff brings her Ohio claims as a Rule 23 class action on behalf of the following Class:

> **All Nurses (or individuals with other similar job duties or titles) who worked for Defendant in Ohio in excess of forty (40) hours in any given workweek while being classified as an independent contractor at any point from three years prior to the filing of this Complaint to the present.**

103. Numerosity. The number of Class Members is believed to be over one thousand. This volume makes bringing the claims of each individual Class Member before this Court impracticable. Likewise, joining each individual Class Member as a plaintiff in this action is impracticable. Furthermore, the identity of the Class Members will be determined from Clipboard's records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Class Members and Clipboard.

104. Typicality. Plaintiff's Ohio claims are typical of the Class Members because like the Class Members, Plaintiff was subject to Clipboard's uniform policies and practices and was compensated in the same manner as the Class Members. Clipboard regularly required Plaintiff and the Class Members to work in excess of 40 hours in a given workweek without paying them overtime. Clipboard misclassified Plaintiff and the Class Members as independent contractors. This was commonly, though not exclusively, done in order to prevent Plaintiff and the Class Members in accordance to the overtime requirements of Ohio law. As a result, Clipboard failed to pay Plaintiff and the Class Members overtime in accordance with Ohio law.

105. Adequacy. Plaintiff is a representative party who will fairly and adequately protect the interests of the Class Members because it is in her interest to effectively prosecute the claims in this Complaint in order to obtain the unpaid wages and penalties required under Ohio law. Plaintiff has retained attorneys who are competent in both class actions and wage and hour litigation. Plaintiff does not have any interest that may be contrary to or in conflict with the claims of the Class Members she seeks to represent.

106. Commonality. Common issues of fact and law predominate over any individual questions in this matter. The common issues of fact include, but are not limited to:

a. The number of hours worked by Plaintiff and the Class Members;

b. The amounts paid to Plaintiff and the Class Members;

c. The degree of control Clipboard exerted over Plaintiff and the Class Members;

d. The relative investments of Clipboard compared to Plaintiff and the Class Members;

e. The degree to which Plaintiff's and the Class Members' opportunity for profit and loss was determined by Clipboard;

f. The skill and initiative required in performing the job;

g. The permanency of the relationship; and

h. The degree to which Plaintiff's and the Class Members' tasks are integral to Clipboard's business.

107. Common issues of law include, but are not limited to:

a. Whether Clipboard paid all overtime wages due and owing to Plaintiff and the Class Members;

b. Whether Clipboard paid overtime wages due and owing to Plaintiff and the Class Members for all hours worked in excess of 40 in a given workweek;

c. Whether Clipboard improperly misclassified Plaintiff and the Class Members as independent contractors;

d. Whether Plaintiff and the Class Members are entitled to compensatory damages;

e. The proper measure of damages sustained by Plaintiff and the Class Members; and

f. Whether Clipboard's actions were "willful."

108. Superiority. A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even in the event any of the Class Members could afford to pursue individual litigation against companies the size of Clipboard, doing so would unduly burden the system. Individual litigation would magnify the delay and expense to all parties and burden the court system with duplicative lawsuits. Prosecution of separate actions by individual Class Members would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Clipboard.

109. A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court and Judge. By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Class Members are promoted. Additionally, class treatment in this matter will provide for judicial consistency. The identities of the Class Members are readily identifiable from Clipboard's records.

110. This type of case is well-suited for class action treatment because: (1) Clipboard's practices, policies, and/or procedures were uniform; (2) the burden is on Clipboard to prove it properly compensated its employees; and (3) the burden is on Clipboard to accurately record hours worked by employees.

111. Ultimately, a class action is a superior forum to resolve the Ohio state law claims set forth in this Complaint because of the common nucleus of operative facts centered on the continued failure of Clipboard to pay Plaintiff and the Class Members according to applicable Ohio laws.

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY OVERTIME**
**(On behalf of Plaintiff and the Collective Members)**

112. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

113. Clipboard willfully failed or refused to pay Plaintiff and the Collective Members the applicable overtime wage for all hours worked in excess of 40 in a given workweek throughout the duration of their employment.

114. As a result, Clipboard failed to compensate Plaintiff and the Collective Members at least the applicable overtime wage rate for all hours worked in excess of 40 in a given workweek.

115. Clipboard's practice of willfully failing or refusing to pay Plaintiff and the Collective Members at the required overtime wage rate violates the FLSA, 29 U.S.C. § 207(a).

116. Clipboard knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiff and the Collective Members the proper overtime rate would violate federal and state law, and Clipboard was aware of the FLSA overtime requirements during Plaintiff's and the Collective Members' employment. As such, Clipboard's conduct constitutes a willful violation of the FLSA.

117. Plaintiff and the Collective Members are therefore entitled to compensation for their unpaid overtime wages at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**COUNT TWO: OHIO REVISED CODE § 4111**
**FAILURE TO PAY OVERTIME**
**(On behalf of Plaintiff and the Class Members that elect to opt-in)**

118. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

119. Clipboard willfully failed or refused to pay Plaintiff and the Class Members the applicable overtime wage for all hours worked in excess of 40 in a given workweek throughout the duration of their employment.

120. As a result, Clipboard failed to compensate Plaintiff and the Class Members at least the applicable overtime wage rate for all hours worked in excess of 40 in a given workweek.

121. Clipboard's practice of willfully failing or refusing to pay Plaintiff and the Class Members at the required overtime wage rate violates the overtime provisions of ORC § 4111.

122. Clipboard knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiff and the Class Members the proper overtime rate would violate Ohio law, and Clipboard was aware of Ohio's overtime requirements during Plaintiff's and the Class Members' employment. As such, Clipboard's conduct constitutes a willful violation of Ohio law.

123. Plaintiff and the Class Members are therefore entitled to compensation for the unpaid overtime wages at an hourly rate, to be proven at trial, plus liquidated and treble damages, together with interest, reasonable attorney's fees, and costs.

## COUNT THREE: OHIO PROMPT PAY ACT
**(on behalf of Plaintiff and the Class Members who decline to opt-out)**

124. Plaintiff and the Class Members reallege and incorporate by reference all allegations in all preceding paragraphs.

125. During all relevant times, Clipboard was covered by O.R.C. § 4113.15, and Plaintiff and the Class Members were employees within the meaning of O.R.C. § 4113.15 and were not exempt from its protections.

126. O.R.C. § 4113.15(A) requires that Clipboard pay Plaintiff and the Class Members all wages on or before the first day of each month, for wages earned during the first half of the

preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

127. Section 4111.10(C) specifically states that it applies to employees seeking to "join as a party plaintiff in any civil action that is brought under this section." "Because § 4111.10(C) states it applies only to 'this section,' i.e., civil actions brought under the OMFWSA, it does not apply to Ohio's Prompt Pay Act." *Oglesby v. FedEx Ground Package Systems, Inc.*, Case No. 3:20-cv-00346 at Doc. #78, pp. 11-12 (S.D. Ohio, March 23, 2023).

128. By failing to pay Plaintiff and the Class Members all wages due to them under the FLSA, Clipboard has also violated the Ohio Prompt Pay Act.

129. Plaintiff and the Class Members' unpaid wages have remained unpaid for more than thirty (30) days beyond their regularly scheduled payday.

130. In violating Ohio law, Clipboard acted willfully, without a good faith basis and with reckless disregard to Ohio law.

131. As a result of Clipboard's willful violation, Plaintiff and Class Members are entitled to unpaid wages and liquidated damages, as stated in O.R.C. § 4113.15.

**COUNT FOUR: O.R.C. § 2307.60**
**(On Behalf of Plaintiff and the Class Members who decline to opt-out)**

132. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

133. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

134. By their acts and omissions described herein, Clipboard has willfully violated the FLSA, and Plaintiff and the Class Members have been injured as a result.

135. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

136. Section 4111.10(C) specifically states that it applies to employees seeking to "join as a party plaintiff in any civil action that is brought under this section." "Because § 4111.10(C) states it applies only to 'this section,' i.e., civil actions brought under the OMFWSA, it does not apply to [O.R.C. § 2307.60]." *See Oglesby v. FedEx Ground Package Systems, Inc.*, Case No. 3:20-cv-00346 at Doc. #78, pp. 11-12, 16 (S.D. Ohio, March 23, 2023).

137. As a result of Clipboard's willful violations of the FLSA, Plaintiff and the Class Members are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

**WHEREFORE**, Plaintiff, Nichole Wagner, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiff's, the Collective Members' and the Class Members' favor, and against Twomagnets, Inc.:

A. For the Court to declare and find that Twomagnets, Inc. committed one or more of the following acts:

   i. violated the overtime provisions of the FLSA;

   ii. willfully violated the wage and overtime provisions of the FLSA;

   iii. violated the minimum wage and overtime provisions of the OMFWSA;

   iv. willfully violated the minimum wage and overtime provisions of the OMFWSA;

   v. willfully violated the Ohio Prompt Pay Act; and

   vi. willfully violated O.R.C. § 2307.60.

B. For the Court to award damages in the amounts of all unpaid overtime wages and back pay due and owing to Plaintiff, the Collective Members and the Class Members;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest on any damages awarded;

E. For the Court to award all treble damages, interest attorney fees and costs owed to Plaintiff and the Class Members;

F. For the Court to award Plaintiff's and the Class and Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

G. For the Court to provide a reasonable incentive award for Plaintiff to compensate him for the time she spent attempting to recover wages for the Class and Collective Members and for the risks he took in doing so; and

H. Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, the Collective Members and the Class Members hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional right to a jury trial.

DATED: November 18, 2025

Respectfully submitted,

By: /s/ *James L. Simon*

James L. Simon (OH#0089483)
SIMON LAW CO.
11 ½ N. Franklin Street
Chagrin Falls, Ohio
Telephone: (216) 816-8696
Email: james@simonsayspay.com